IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KEVIN GLASPIE, #244606 | § | |
| | § | |
| VS. | § | CIVIL CASE NO. 4:25-CV-86-SDJ |
| | § | |
| SHERIFF TRACY MURPHY, ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Kevin Glaspie filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. On June 7, 2025, the United States Magistrate Judge issued a Report and Recommendation ("the Report") (Dkt. #20) containing proposed findings of fact and recommendations that he could not bring this 42 U.S.C. § 1983 action *in forma pauperis* because at least three of his prior lawsuits or appeals had been dismissed as frivolous and he did not allege that he was in imminent danger of serious physical injury at the time he filed the action. The Report recommended that this action be dismissed with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as this action, but without prejudice as to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $405.00 filing fee. The Report further recommended that should Plaintiff pay the full $405.00 filing fee within fifteen (15) days after the date of entry of dismissal, he be allowed to proceed in this lawsuit as though the full fee had been paid from the outset. Plaintiff did not file timely objections to the Report. On June 27, 2025, the Court adopted the Magistrate Judge's Report as the findings and

conclusions of the Court, dismissed Plaintiff's claims as set forth in the Report, entered final judgment, and closed the case. (Dkt. ##21, 22).

Plaintiff has since filed several letters, which the Court liberally construes as seeking relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (Dkt. ##23, 24, 26, 27, 29, 30). However, Plaintiff does not attack the grounds for the Court's dismissal of his case based on the three-strikes bar. Nor has he paid the full $405.00 filing fee. Instead, he vaguely asserts that he is being "politically kidnapped," being denied an emergency phone call to his family, being denied access to the courts, and is in "fear for [his] life." (Dkt. ##23, 24, 26, 27, 29, 30).

In a Rule 60(b) motion for relief from judgment, the plaintiff must show that he is entitled to relief from judgment because of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misconduct, or misrepresentation of an adverse party; (4) that the judgment is void; (5) that the judgment has been satisfied; or (6) any other reason justifying the granting of relief from the judgment. Relief will be granted only in "unique circumstances," and the district court has considerable discretion in determining whether the plaintiff has met any of the Rule 60(b) factors. *Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir. 1985); *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

Plaintiff provides no basis for relief from judgment under any section of Rule 60(b). This case was properly dismissed. Undeniably, Plaintiff is three-strikes barred and did not pay the $405.00 filing fee. Thus, the dismissal is appropriate.

It is accordingly **ORDERED** that Plaintiff's construed motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. ##23, 24, 26, 27, 29, 30) are **DENIED**.

Plaintiff is advised that he should not file pleadings in this closed case.

**So ORDERED and SIGNED this 10th day of November, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE